FILED

1   ZHIRAYR ADZHEMYAN, Plaintiff In Pro Per
2   5162 ½ FOUNTAIN AVE
    LOS ANGELES, CA 90029                        2012 AUG 24  PM 4: 16
3
    TEL: 213-700-8012
4

5           UNITED STATES DISTRICT COURT
6       CENTRAL DISTRICT OF THE STATE OF CALIFORNIA

7   ZHIRAYR ADZHEMYAN, An Individual  **CV12-07320** - DSF(JCGx)
            Plaintiff,                  )
8                                       )
         vs.                            )   **COMPLAINT FOR:**
9   WELLS FARGO HOME MORTGAGE, A        )   1.  Violations of 12 U.S.C. §2601 et seq.
    Nebraska Corporation;               )   2.  Violations of 15 U.S.C. §1692 et seq.
10  AURORA BANK FSB, A Delaware         )   3.  Violations of 15 U.S.C. §1681 et seq.
    Corporation;                        )   4.  Violations of California Civil Code
11  EMC MORTGAGE, A Delaware Limited    )       §1785.2 et seq.
12  Liability Company;                  )   5.  Violations of California Civil Code
    REAL TIME RESOLUTIONS INC., A Texas )       §1572.
13  Corporation;                        )   6.  Violations of California Business and
            **Defendants.**             )       Professions Code §17200
14                                      )
                                        )   **Demand for Jury Trial**
15                                      )

16

17      Plaintiff ZHIRAYR ADZHEMYAN (hereinafter "Plaintiff") on behalf of himself brings his

18  Complaint against Defendants WELLS FARGO HOME MORTGAGE ("WFHM"),

19  AURORA BANK FSB ("AURORA"), EMC MORTGAGE ("EMC"), REAL TIME

20  RESOLUTIONS INC. ("RTR") for violations of the Real Estate Settlement Procedures Act

21  [12 U.S.C. §2601 et seq.] ("RESPA"), the Fair Debt Collection Practices Act [15 U.S.C.

22  §1692 et seq.] ("FDCPA"), the Fair Credit Reporting Act [15 U.S.C. §1681 et seq.]

23  ("FCRA"), California's Consumer Credit Reporting Agencies Act [California Civil Code

    §1785.2 et seq.] ("CCRAA"), California Civil Code §1572 and California Business and
24
    Professions Code §17200, and alleges as follows:
25

26                      **PRELIMINARY STATEMENT**

27

28  1.      Congress enacted the FCRA to establish consumer rights to privacy over their

                        COMPLAINT FOR DAMAGES - 1

AUG 2 4 2012

credit and financial information and to ensure the "[a]ccuracy and fairness of credit reporting." FCRA provides several protections for consumers, including but not limited to the right to be notified of any negative/unfavorable information reported in their name and the right to dispute inaccurate, outdated and/or incomplete information on their credit file.

2.      FCRA regulates credit reporting agencies as well as creditors, collection agencies and other parties who provide information to credit reporting agencies and/or obtain and use the consumer credit reports. FCRA Section 623, 15 U.S.C. §1681s-2, imposes obligations on furnishers of information to the credit reporting agencies. Furnishers must report accurate information, correct and update erroneous information, and provide certain notices to consumer pertaining to furnished information.

3.      CCRAA was implemented to protect the credit information of California consumers. CCRAA also regulates consumer credit reporting agencies and furnishers of information with respect to personal, credit and other financial information submitted and maintained in their credit file. CCRAA in California Civil Code §1785.25-1785.26 refrains furnishers of information from reporting information that they know or should have known was erroneous, and obligates furnishers to cease credit reporting of information disputed by consumers without notice of such dispute.

4.  CCRAA provides consumers with the right to be informed of negative credit reporting and the right to dispute information in their credit reports, which they believe is incomplete and/or inaccurate. Consumers also have the right to bring civil action against violators of any provision of the CCRAA with respect to their rights and their credit, and to seek monetary damages. California Civil Code §1785.19 and §1785.31.

## I.   JURISDICTION AND VENUE

5.  Jurisdiction arises under 15 U.S.C. 1681p, Title 12, Regulation Z, Part 226.1(c)(3), and Title 24 CFR, Regulation X, Part 3500. Jurisdiction is proper in this court because the Defendants conduct business within this district.

6. Venue is proper for all claims because substantial part of the events and transactions which gave rise to this complaint occurred in the County of Los Angeles, State of California, and within this judicial district.

## II. PRIVATE RIGHT OF ACTION

7. FCRA Sections 616 and 617, 15 U.S.C. §1681n and §1681o, create private right of action consumers can bring against violators of any provision of the FCRA with regards to their credit. In DiMezza v. First USA Bank, Inc., supra, the court confirmed that "[...] the plain language of [CRA Sections 616 and 617, 15 U.S.C. §1681n and §1681o] provide a private right of action for a consumer against furnishers of information who have willfully or negligently failed to perform their duties upon notice of a dispute. [...] there is a private right of action for consumers to enforce the investigation and reporting duties imposed on furnishers of information."

8. Pursuant to Gorman v. MBNA America Bank, N.A., No. 06-17226, Plaintiff is entitled to a Private Remedy Against Furnishers and FCRA §1681s-2(b) triggers Defendants' furnisher's liability under this section, since Plaintiff made his initial disputes with the credit reporting agencies.

9. California Civil Code §1785.15(f) states that consumers "have a right to bring civil action against anyone [...], who improperly obtains access to a file, knowingly or willfully misuses file data, or fails to correct inaccurate file data" concerning a consumer's credit report.

10. California Civil Code §1785.31(a) states that Plaintiff as "any consumer who suffers damages as a result of a violation of this title by any person may bring an action in a court of appropriate jurisdiction against that person to recover the following."

## III. PARTIES

11. Plaintiff is a natural person, an individual residing in the City of Los Angeles, County of Los Angeles, State of California.

12. Defendants WFHM, AURORA and EMC are each a mortgagee/creditor to their respective loans.

13. Plaintiff is informed and believes and on that basis alleges that Defendants are responsible for the acts, occurrences and transactions as officers, directors or managing agents of Defendants or as their agents, servants, employees and/or joint venturers and as set forth in this Complaint, and that each of them is legally liable to Plaintiff, as set forth below and herein:

a. Said Officers, directors or managing agents of Defendants personally acted willfully with respect to the matters alleged in this Complaint;

b. Said Officers, directors or managing agents of Defendants personally authorized, approved of, adopted and/or ratified the acts alleged herein or the agents, servants, employees and/or joint venturers of Defendants did so act;

c. Said Officers, directors or managing agents of Defendants personally participated in the acts alleged herein of Defendants;

d. Said Officers, directors or managing agents of Defendants personally had close supervision of their agents, servants, employees and/or joint venturers of Defendants;

e. Said Officers, directors or managing agents of Defendants personally were familiar with the facts regarding the matters alleged herein;

f. Said Officers, directors or managing agents of Defendants personally failed to investigate the circumstances appertaining to the acts alleged herein. They also failed and refused to repudiate the herein alleged actions and failed to redress the harm done to Plaintiff. Further, said officers, directors, or managing agents of Defendants failed and refused to punish or discharged the said agents, servants, employees and/or joint venturers of Defendants, even after learning of the acts of the agents, servants, employees and/or joint venturers of Defendants.

14. Defendants are liable to Plaintiff for the relief prayed for in this Complaint, and any future amended complaint. Further, Plaintiff alleges that each act alleged herein, whether by a named Defendant was expressly authorized or ratified.

## IV. FACTS

15. In or around August 2011, Plaintiff obtained and reviewed his credit reports from the major Credit Reporting Agencies ("CRAs"), including Experian, Transunion and Equifax,

which among other accounts and information contained the following accounts reported by Defendants: 106121806.... and 106121807.... reported by WFHM, 364003555.... reported by AURORA in four separate entries, 589001096.... and 589001210.... reported by EMC, 30763.... and 47800.... reported by RTR ("Accounts"). The accounts were reported in negative status, although Plaintiff was never informed by any one of the Defendants of negative credit reporting.

16. Plaintiff has had accounts with Defendants WFHM, AURORA and EMC but the accounts reported by these Defendants or at least the majority of the information contained in each of their reporting was inaccurately reported, since these accounts contained derogatory statements and other information concerning the account history, including bill and payment amounts and dates that did not agree with Plaintiff's recollection and records of past and present accounts.

17. Plaintiff did not at all recognize Defendant RTR, which reported two accounts to Plaintiff's credit report as Mortgage loans.

18. Defendants' and each one of their reporting of the subject accounts were not only inaccurate, at least with respect to the derogatory statements, but they were duplicates of one another furnished in multiple listings to Plaintiff's credit file.

19. On or about September 1, 2011, Plaintiff submitted disputes of the accounts to the CRAs, stating that the accounts reported by WFHM, AURORA and EMC contained inaccurate derogatory statements and were in duplicate form of at least one other account reported in Plaintiff's credit reports by the same or other creditor/furnisher. Plaintiff did not recognize the accounts reported by RTR or Defendant RTR as the furnisher and thereby disputed its reported accounts in their entirety.

20. Based on information and belief, the CRAs contacted each of the Defendants regarding Plaintiff's dispute of each of their respective accounts as furnished with the CRAs. Plaintiff was informed by the CRAs that investigation of his disputes would take up to 30 days.

21. On or about September 1, 2011, following his credit bureau dispute, Plaintiff also contacted Defendants WFHM, AURORA, EMC and RTR directly, with letters identified and meeting the requirements to constitute as Qualified Written Requests ("QWR") per Real Estate Settlement Procedures Act [12 U.S.C. §2605(e)]. Plaintiff's QWR was an appropriate request addressed to each of the Defendants since each of the subject accounts was identified

as a mortgage account in Plaintiff's credit reports, thereby qualifying each Defendant as mortgagee/servicer of those loans. In his letter to Defendants, Plaintiff expressed his concerns regarding the accounting and specifically, the amounts and dates of the delinquencies as furnished to the CRAs, and requested specific loan documents necessary to conduct review and audit of the loans and to verify the accuracy of the accounts Defendants report. Plaintiff asked Defendant RTR to verify the entirety of its reported accounts.

22. Defendants WFHM, AURORA, EMC and RTR and each one of them failed to formally acknowledge the QWRs within 20 days of receipt, pursuant to RESPA [12 U.S.C. §2605(e)(1)(A)]. Defendants also failed to cease credit reporting of the disputed accounts upon receipt of the QWR as per RESPA [12 U.S.C. §2605(e)(3)].

23. Sometime after his disputes, Plaintiff obtained updated copies of his credit reports from CRAs, which contained all the accounts he had disputed without any indication of his disputes or of an ongoing investigation, as if the information was verified to be accurate.

24. No response and more importantly verification was provided to Plaintiff by Defendants WFHM, AURORA, EMC and RTR regarding his disputes and requests. Defendants and each one of them violated the FCRA by failing to make the requested verification or credit correction/deletion of the disputed accounts, following the 30-day investigation pursuant to FCRA [15 U.S.C. §1681s-2(b)]. Defendants not only maintained the inaccuracies concerning each disputed account, but they further maintained multiple reporting of the accounts in Plaintiff's credit file. Defendants further violated RESPA by failing to make appropriate corrections to the accounts, provide documents and explanation of why they believe the accounts are correct, or an explanation of why the requested information cannot be provided to Plaintiff, within 60 days of receipt of Plaintiff's QWR, pursuant to RESPA [12 U.S.C. §2605(e)(2)].

25. On or about October 17, 2011 and again on December 16, 2011 Plaintiff sent similar follow ups to each of the Defendants WFHM, AURORA, EMC and RTR, addressing their lack of response, verification or correction of his credit file and the overall improper handling of his credit dispute and his QWR. Despite Plaintiff's efforts, Defendants failed to respond and cooperate as to their previous lack of verification and correction and to cure their violations in that respect.

26. In the interim while Plaintiff was in dispute with Defendants, Plaintiff conducted research on Defendant RTR and realized that despite its Mortgage reporting, RTR was in fact a collection agency collecting consumer debts.

27. On or about January 5, 2012 Plaintiff sent Defendant RTR a debt validation request pursuant to FDCPA, 15 U.S.C. section 1692g(b), in which he requested that if RTR wasn't in fact a mortgagee/creditor as it represented itself in the credit reporting of its two accounts, but rather a collection agency, then it should provide debt validation for each of its alleged debts.

28. RTR did not provide the requested validation for its alleged debts nor did it respond back to Plaintiff to explain and justify its unlawful credit reporting.

29. To Date, Defendants have failed to provide timely and proper response or make appropriate corrections with respect to Plaintiff's QWR and his credit dispute of the accounts in question. Defendants' accounts are not only inaccurate and unverified but they continue to appear in multiple listings in Plaintiff's credit file under the same or different account names and numbers.

30. Defendants have nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to take reasonable actions in compliance with RESPA and FCRA, have disregarded Plaintiff's consumer disputes and requests, have failed to remove inaccurate credit information, have failed to note the disputed status of the inaccurate credit information and make permanent deletion of such reporting after lack of verification for the accounts in dispute.

31. As a result of Defendants' conduct, Plaintiff has suffered:

a.   Actual damages and serious financial and pecuniary harm arising from monetary losses relating to denials of attempts to obtain credit cards and consumer loans, loss of use of funds, loss of credit and loan opportunities, excessive and/or elevated interest rate and finance charges.

b.   Out of pocket expenses associated with disputing the credit information only to find the information to remain on the credit report;

c.   Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown;

COMPLAINT FOR DAMAGES - 7

d.   Decreased credit score and creditworthiness, which may result in inability to obtain credit on future attempts.

## V.  CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
### VIOLATION OF REAL ESTATE SETTLEMENT PROCEDURES ACT
### 12 U.S.C. §2601 et seq.
### Against Defendants WFHM, AURORA and EMC

32. Defendants and each one of them is a "servicer" to the loans, as the term is defined in 12 U.S.C §2605(i)(2).

33.        Defendants have willfully and/or negligently failed to comply with the RESPA in the following respects:

a.        Failing to provide Plaintiff with clear, complete, and accurate disclosures;

b.        Failing to provide Plaintiff with a booklet entitled Consumer Handbook on Adjustable Rate Mortgages, published by the Board of Governors of the Federal Reserve System, and by failing to provide Plaintiff with a loan information booklet;

c.        Failing to acknowledge Plaintiff's Qualified Written Request (QWR) pursuant to 12 U.S.C. §2605(e)(1)(A) and Reg. X §3500.21(e)(1);

d.        Failing to make appropriate corrections in Plaintiff's accounts, or otherwise provide the Plaintiff with a written explanation of why the disputed information is accurate supported by proper documents or explanation of why the requested information cannot be provided for Plaintiff's review, along with the name and contact information of an individual/department available to assist the Plaintiff, no later than 60 days after Defendants' receipt of Plaintiff's QWR.

e.        Failing to respond to or to act to resolve Plaintiff's QWR in the time allowed, or at all;

f.        by reporting default payments- negative credit information- to credit reporting agencies and failing to cease such reporting while Plaintiff's QWR remained unresolved pursuant 12 U.S.C. §2605(3).

## SECOND CAUSE OF ACTION

## VIOLATIONS OF FAIR DEBT COLLECTIONS PRACTICES ACT

### 15 U.S.C. §1692 et seq.

### Against Defendant RTR

34. Defendant RTR is a debt collector as defined in 15 U.S.C. §1692a (6).

35. Defendant RTR knowingly and willfully violated the FDCPA by:

a.  Failing to provide dunning notice of debts and a written notices of Plaintiff's right to request validation of debt along with information about the alleged debt, including the name and contact information of the original creditor pursuant to 15 U.S.C. §1692g(a);

b.  Failing to cease collection activity and continuing to make collection efforts on the alleged debt without properly responding to Plaintiff's validation request pursuant to 15 U.S.C. §1692g(b);

c.  Failing to properly validate the alleged debt pursuant to 15 U.S.C. §1692g(b);

d.  Using false representations and deceptive means to collect or attempt to collect the alleged debt pursuant to 15 U.S.C. §1692e;

e.  Using unfair or unconscionable means to collect or attempt to collect the alleged debt pursuant to 15 U.S.C. §1692f.

## THIRD CAUSE OF ACTION

## VOLATIONS OF THE FAIR CREDIT REPORTING ACT

### 15 U.S.C. §1681 et seq.

### Against All Defendants

36.    Plaintiff repeats and reincorporates by reference all preceding paragraphs as though alleged in full in this cause of action.

37.    Plaintiff is a "consumer", as that term is defined in 15 U.S.C. §1681a(c).

38.    Defendants and each one of them is a "furnisher of information," as referenced in 15 U.S.C. §1681s-2.

39.     Defendants have willfully and/or negligently failed to comply with the FCRA in the following respects:

a.     Failing to follow reasonable procedures to assure maximum possible accuracy of the information furnished to the CRAs;

b.     Failing to conduct adequate investigation of the information disputed by Plaintiff as described in 15 U.S.C. §1681s-2 (b);

c.     Failing to delete or permanently block the reporting of the accounts disputed by Plaintiff, which were not and/or could not be verified after the reinvestigation, per 15 U.S.C. §1681s-2 (b)(1)(E);

d.     Failing to take proper action of verification, correction, deletion, or permanent block of the information disputed by Plaintiff by the deadline, as described in 15 U.S.C. §1681s-2 (b)(2).

## FOURTH CAUSE OF ACTION
## VOLATIONS OF CALIFORNIA'S CONSUMER CREDIT REPORTING AGENCIES ACT
## CALIFORNIA CIVIL CODE §1785
### Against All Defendants

40. Plaintiff repeats and reincorporates by reference all preceding paragraphs as though alleged in full in this cause of action.

41. Plaintiff is a "consumer", as that term is defined in California Civil Code §1785.3(b).

42.     Defendants have willfully and/or negligently failed to comply with the CCRAA at least in the following respect:

43. Furnishing information of Plaintiff's credit file which Defendants knew or should have known was inaccurate and/or incomplete, in violation of California Civil Code §1785.25(a);

44. Defendants' credit reporting was knowing and willful at least with respect to the duplicate reporting. Also, Defendants' failure to verify or delete the disputed accounts even after multiple follow ups further proves that, in the absence of verification, Defendants knowingly and willfully continued to maintain the multiple reportings of

inaccurate accounts in Plaintiff's credit file.

# FIFTH CAUSE OF ACTION
## VIOLATIONS OF CALIFORNIA CIVIL CODE §1572
### Against Defendants WFHM, AURORA and EMC

45. The misrepresentations by Defendants and/or Defendants' predecessors, failures to disclose, and failure to investigate as described above were made with the intent to induce Plaintiff to obligate himself through the Loan in reliance on the integrity of Defendants and/or Defendants' predecessors.

46. Plaintiff is an unsophisticated customer whose reliance upon Defendants and/or Defendants' predecessors was reasonable and consistent with the Congressional intent and purpose of California Civil Code §1572 enacted in 1872 and designed to assist and protect consumers similarly situated as Plaintiff in this action.

47. As an unsophisticated customer, Plaintiff could not have discovered the true nature of the material facts on his own.

48. The accuracy by Defendants and/or Defendants' predecessors of representation is important in enabling consumers such as Plaintiff to compare market lenders in order to make informed decisions regarding lending transactions such as a loan.

49. Plaintiff was ignorant of the facts, which Defendants and/or Defendants' predecessors misrepresented and failed to disclose.

50. Plaintiff's reliance on Defendants and/or Defendants' predecessors was a substantial factor in causing his harm.

51. Had the terms of the Loan been accurately represented and disclosed by Defendants and/or Defendants' predecessors, Plaintiff would not have accepted the Loan nor been harmed.

52. Had Defendants and/or Defendants' predecessors investigated Plaintiff's finances and acted in good faith, Plaintiff would not have been harmed.

53. Defendants and/or Defendants' predecessors conspired and agreed to commit the above-mentioned fraud.

54. The conduct of Defendants and/or Defendants' predecessors as mentioned above was fraudulent within the meaning of California Civil Code §3294(c)(3).

### SIXTH CAUSE OF ACTION
### VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200
### Against All Defendants

55. Plaintiff re-alleges and incorporates by reference the above paragraphs as set forth fully herein.

56. As a direct result of Defendants' acts, Plaintiff has incurred actual damages consisting of mental and emotional distress, nervousness, grief, embarrassment, los of sleep, anxiety, worry, mortification, shock, humiliation, indignity, pain and suffering, and other injuries.

57. Plaintiff incurred out of pocket monetary damages.

58. Plaintiff continues to incur monetary damages.

59. Each of Defendants' harassing acts was so willful, vexatious, outrageous, oppressive, and maliciously calculated enough, to warrant statutory penalties and punitive damages.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for this Court to enter judgment in favor of Plaintiff and against Defendants, jointly and collectively as follows:

a) Actual damages, per 12 U.S.C. §2605(f)(1)(A), 15 U.S.C. §1681n (a)(1)(A) and/or Cal. Civ. Code §1785.31(a)(2)(A);

b) Statutory damages, per 15 U.S.C. §1681n (a)(1)(A) and/or Cal. Civ. Code §1785.19(a);

c) Costs and reasonable attorney's fees, pursuant to 12 U.S.C. §2605(f)(3), 15 U.S.C. §1681n (c) and/or Code of Civil Procedure §490.020;

d) Punitive damages, per California Civil Code §3294(a), 15 U.S.C. §1681n (a)(2) and Cal. Civ. Code §1785.31(a)(2)(B), and any other additional damages per 12 U.S.C. §2605(f)(1)(B) as the court may allow;

e) Injunctive relief, per Cal. Civ. Code §1785.31(b), ordering Defendants to delete the reporting of the unverified accounts;

f) Declaratory relief, which is available pursuant to 28 U.S.C. §2201 and §2202;

g)  Any other relief as this Honorable Court deems appropriate.

Dated: August 24, 2012

Respectfully submitted,

By:_____

ZHIRAYR ADZHEMYAN, Plaintiff In Pro Se

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Dale S. Fischer and the assigned discovery Magistrate Judge is Jay C. Gandhi.

The case number on all documents filed with the Court should read as follows:

## CV12- 7320 DSF (JCGx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

Name & Address:

ZHIRAYR ADZHEMYAN, Plaintiff in Pro Per
5162 1/2 FOUNTAIN AVE
LOS ANGELES, CA 90029

**FOR OFFICE USE ONLY**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZHIRAYR ADZHEMYAN, An Individual <br><br> PLAINTIFF(S) <br> v. <br> WELLS FARGO HOME MORTGAGE, A Nebraska Corporation; <br> AURORA BANK FSB, A Delaware Corporation; <br> EMC MORTGAGE, A Delaware Limited Liability Company; <br> REAL TIME RESOLUTIONS INC., A Texas Corporation <br><br> DEFENDANT(S). | CASE NUMBER <br><br> **CV12-07320-DSF(JCGx)** <br><br><br> **SUMMONS** |

TO:     DEFENDANT(S): WELLS FARGO HOME MORTGAGE, AURORA BANK FSB,
        EMC MORTGAGE, REAL TIME RESOLUTIONS INC

A lawsuit has been filed against you. **FOR OFFICE USE ONLY**

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, ZHIRAYR ADZHEMYAN _____, whose address is 5162 1/2 FOUNTAIN AVE, LOS ANGELES, CA 90029 _____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

AUG  2 4 2012

Dated: _____

By: _____ **ANDRES PEDRO**

Deputy Clerk

(Seal of the Court)

1202

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

**FOR OFFICE USE ONLY**

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☑)
ZHIRAYR ADZHEMYAN

**DEFENDANTS**
WELLS FARGO HOME MORTGAGE, AURORA BANK FSB, EMC MORTGAGE, REAL TIME RESOLUTIONS INC

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

5162 1/2 FOUNTAIN AVE
LOS ANGELES, CA 90029

Attorneys (If Known)

---

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

---

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

---

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes   ☑ No     ☑ **MONEY DEMANDED IN COMPLAINT: $** NOT YET ASSERTED

---

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
VIOLATIONS OF 15 U.S.C. Section 1681, 15 U.S.C. Section 1692, Cal Civ. Code Section 1788, Cal. Civ. Code Section 1785, Defamation-Libel, Invasion of Privacy

---

**VII. NATURE OF SUIT** (Place an X in one box only.)

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☑ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Act
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Info. Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**
**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury-Med Malpractice
☐ 365 Personal Injury-Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus-Alien Detainee
☐ 465 Other Immigration Actions

**TORTS**
**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 445 American with Disabilities - Employment
☐ 446 American with Disabilities - Other
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence Habeas Corpus
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus/ Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE / PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety /Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS-Third Party 26 USC 7609

---

**CV12-07320-DSF (JCGx)**

**FOR OFFICE USE ONLY:**   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

---

CV-71 (05/08)                         CIVIL COVER SHEET                         Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☑No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑No  ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)  ☐ A.  Arise from the same or closely related transactions, happenings, or events; or

☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D.  Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | VARIOUS |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | VARIOUS |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | VARIOUS |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
<u>Note: In land condemnation cases, use the location of the tract of land involved.</u>

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date _8/24/2012_

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |